FILED
 2017 Feb-06 PM 04:03
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NATHANIEL JONES,** | ) |
| | ) |
|    **Movant,** | ) |
| | ) |
| **v.** | )   **Case No.: 2:17-cv-08003-VEH** |
| | ) |
| **UNITED STATES OR AMERICA,** | ) |
| | ) |
|    **Respondent.** | ) |
| | ) |

## MEMORANDUM OPINION

On February 2, 2017, the movant, Nathaniel Jones (hereinafter "Jones"), filed, in the companion criminal case, a document entitled "Motion To Dismiss for Lack of Jurisdiction." (Doc. 69 in 2:02-cr-0405-VEH). In that Motion, Jones argues that the sentencing court[1] lacked "jurisdiction" to apply a Section 851 enhancement to him. Because the Motion attacks the sentence imposed, I determined that it necessarily was brought pursuant to 28 U.S.C. § 2255 and ordered that the Motion be termed in the companion criminal case and that the Clerk of Court open a case under that code section and docket the Motion in that case. (Doc. 70 in 2:02-cr-0405-VEH). The Clerk of Court has done as directed, and

---

[1]The sentencing judge has retired and, on May 12, 2016, this case was reassigned to the undersigned. (*See* docket entry dated 6/5/2016).

this is that action. I now address the Motion and find, as explained below, that because it is a "second or successive" motion under Section 2255, and because Jones has not received permission from the Eleventh Circuit Court of Appeals to file it, it is due to be dismissed.

**I.**

It is well-settled law that second or successive petitions (SSP) under section 2255 must be dismissed unless certified by

> a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) (Pryor, J., concurring in denial of rehearing en banc). "Whether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Florida Dep't of Corr.*, 812 F.3d 885, 898 (11th Cir. 2016) (Pryor, J., dissenting) (quoting *Insignaries v. Sec'y, Fla. Dept. of Corrections*, 812 F.3d 885, 898 (11th Cir. 2014)).

The Motion is a SSP because it challenges the same judgment as Jones's

prior motion under 2255.[2] Accordingly, he cannot proceed in this court unless he first receives permission to do so from the United States Court of Appeals. Finding no such permission, the motion is due to be **DENIED** for want of jurisdiction.

## II

A prisoner seeking to vacate his judgment has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal *habeas* petition on procedural grounds without reaching the underlying constitutional

---

[2] In fact, this is Jones's <u>third</u> § 2255 motion. *See* Motion To Vacate under 28 U.S.C. 2255, filed February 21, 2006 (Doc. 1 in Civil Action CV-06-J-8010-S); Motion To Rule in Favor of Civil Rule 60(b), filed May 12, 2016, converted to Motion under § 2255 (Doc. 1 in Civil Action 2:16-CV-8039).

claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive section 2255 motion, Jones cannot make the requisite showing. Finally, because Jones is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** this 6th day of February, 2017.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge